IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND MULLMAN,                )
                                )
    Plaintiff,                  )
                                )   No. 07 C 3403
    v.                          )
                                )   Chief Judge James F. Holderman
MOTOROLA, INC., Its Agents and  )
Employees, DENNIS DYMON, and ROGER )
CALLANAN,                       )
                                )
    Defendants.                 )

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On June 15, 2007, Plaintiff Raymond Mullman filed this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, against his former employer Motorola, Inc., and two of its supervisors, Dennis Dymon and Roger Callanan, after Motorola terminated Mullman's employment. Mullman, who was 56 years old at the time of his termination, alleged in his complaint that he was treated differently than others in his group and ultimately terminated because of his age. Mullman also alleged that, prior to termination, he was subjected to intentional infliction of emotional distress. Before this court is the defendants' motion for summary judgment [77]. For the reasons stated below, that motion is granted.

Background

In ruling on a motion for summary judgment, this court must consider the facts properly before it in a light most favorable to the non-moving party, drawing all reasonable inferences and resolving all doubts in the non-moving party's favor. *Keri v. Bd. of Trustees of Purdue Univ.*,

458 F.3d 620, 628 (7th Cir. 2006). Therefore, in considering the defendants' motion, the court will review the facts properly before it and draw all reasonable inferences in Mullman's favor.

As an initial matter, the court notes that Mullman did not comply with Local Rule 56.1 insamuch as he neither responded to defendants' Local Rule 56.1 statement nor did he file a statement of additional facts. *See* N.D. Ill. R. 56.1(b)(3). To assist the court in ruling on a motion for summary judgment, Local Rule 56.1 of the Northern District of Illinois imposes certain requirements on the parties. First, the moving party must file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1(a)(3). In return, the opposing party must file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). If the opposing party wants the court to consider facts in addition to those presented by the moving party, the opposing party must file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(C). All material facts set forth in the moving party's statement will be deemed admitted unless opposed in the non-moving party's statement. *Id.* The district court may require strict compliance with Local Rule 56.1. *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) (collecting cases). Because Mullman failed to comply with Local Rule 56.1, the only facts properly before the court are those presented in "Defendants' L.R. 56.1 Statement of Material Facts As To Which There Is No Genuine Issue" [80], which are as follows:

Motorola hired Mullman in 1979 as a buyer, and Mullman worked his way up to commodity manager. As a commodity manager, Mullman was responsible for analyzing external factors and developing long-term goals for each of his assigned commodities. Commodity managers were also responsible for negotiating cost savings with suppliers and meeting cost reduction goals.

From 2001 to 2004, Mullman's annual reviews reflected a need for improvement in his job performance. For example, in Mullman's 2001 "Personal Commitment Summary," Mullman received a rating of "Some Improvement Needed." Although Mullman admitted that he failed to accomplish all of his goals, Mullman disagreed with the "Some Improvement Needed" rating. In 2003, one of Mullman's supervisors remarked that Mullman's ability to communicate his overall commodity strategies needed development. And Mullman's 2004 performance rating was "Needs Improvement." Mullman did not agree with the "Needs Improvement" rating and believed that he received the low rating because of his age. Mullman did not complain of age discrimination to anyone at Motorola at that time.

On June 1, 2005, Callanan and Jeff Marchuk informed Mullman that his employment with Motorola would be terminated due to a reduction in force. Immediately following the conversation with Callanan and Marchuk, Mullman met with Lenora McKinney from Motorola's Human Resources group. McKinney informed Mullman that his last day at work would be July 31, 2005, but that he would be paid through September 1, 2005. McKinney also informed Mullman of his separation benefits. Mullman told McKinney that he believed he was selected for termination because of his age. Two days later, Dymon sent Mullman an e-mail requesting that Mullman transition his commodities to Mark Crumrine. Crumrine was under 40 years old.

Mullman testified at his deposition that he believes his employment with Motorola was terminated solely because of his age. Mullman also asserted that he was assigned a greater workload than younger commodity managers; that his managers set unattainable goals and did not provide him with assistance to complete projects because of his age; and that he was subjected to unfair criticism, reprimands, and insults because Callanan wanted Mullman to quit. After Mullman was told on June 1, 2005, that he was being terminated, he was no longer criticized and no other changes in his workload were made. Mullman explained that, "after they accomplished what they wanted to accomplish, that was it." (Mullman Dep., Oct. 23, 2008, 228-29.) Mullman's last day at Motorola was July 31, 2005.

Mullman filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on June 26, 2006. Mullman explained that he had retained attorney Marcy Katz to represent him in connection with his alleged unlawful termination from Motorola and that he believed Ms. Katz had filed a charge of discrimination with the EEOC in March 2006. When Mullman learned that Ms. Katz had not filed the EEOC paperwork, Mullman personally filed his charge of discrimination.

Mullman filed his complaint in this court on June 15, 2007. In his two-count complaint, Mullman alleged a claim of age discrimination under the ADEA and a state-law claim of intentional infliction of emotional distress. Before the court now is the defendants' Motion for Summary Judgment [77].

## Analysis

Defendants argue that they are entitled to summary judgment on both Mullman's federal age discrimination claim and his state-law claim for intention infliction of emotion distress

because the claims are time-barred. Specifically, the defendants contend that Mullman's age discrimination claim is time-barred because Mullman failed to file his charge of discrimination with the EEOC within 300 days after the alleged unlawful practice, *see* 29 U.S.C. § 626(d)(2). The defendants also contend that Mullman's intentional infliction of emotional distress claim is time-barred because Mullman failed to file his complaint within the applicable statute of limitations period, *see* 735 Ill. Comp. Stat. 5/13-202.

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 627-28 (7th Cir. 2006). Once a properly supported motion for summary judgment is made, the non-moving party cannot rest on its pleadings but must affirmatively demonstrate, by specific factual evidence, that there is a genuine issue of material fact requiring trial. *Celotex Corp.*, 477 U.S. at 324; *Keri*, 458 F.3d at 628. Conclusory allegations, "if not supported by the record, will not preclude summary judgment." *Keri*, 458 F.3d at 628 (citing *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997)).

    *A.    Age Discrimination*

Generally, a charge of age discrimination must be filed with the EEOC within 180 days of the alleged discriminatory conduct. 29 U.S.C. § 626(d)(1). Where the alleged discriminatory

conduct occurred "in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," however, the deadline for filing a charge of discrimination with the EEOC is 300 days after the alleged discriminatory conduct. *See* 29 U.S.C. §§ 626(d)(2), 633(b). The Illinois Human Rights Act prohibits age discrimination in employment, *see* 775 Ill. Comp. Stat. 5/1-102, so Mullman had 300 days from the alleged discriminatory conduct to file a charge with the EEOC.

It is undisputed that Mullman received notice of his termination on June 1, 2005, and at that time, expressed to McKinney of Motorola's human resources department that he believed the termination was because of his age. Thus Mullman's age discrimination claim accrued on June 1, 2005. *See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) (explaining that a "plaintiff's action accrues when he discovers that he has been injured"); *Mull v. ARCO Durethene Plastics, Inc.,* 784 F.2d 284, 288 (7th Cir. 1986) (explaining that "unequivocal notice of termination is all that is required to start the limitation period running"). Yet Mullman did not file a charge of discrimination with the EEOC until 390 days later, on June 26, 2006. Mullman therefore failed to meet the filing requirement of section 626(d).

Even so, Mullman's failure to timely file a charge of discrimination with the EEOC is not an absolute jurisdictional bar. *See Bohac v. West*, 85 F.3d 306, 311 (7th Cir. 1996). Rather, the time limit for filing with the EEOC is akin to a statute of limitations. *Id.* The time limit therefore may toll if the plaintiff demonstrates an equitable reason justifying his delay. *Id.*

Mullman presents three arguments for why the EEOC's time limit should be tolled. Mullman first contends that, after Motorola told him that he would be terminated, his supervisors

continued to rely on him for important planning and strategy decision, which "encouraged Mr. Mullman to hope that he would be asked to stay." (Pl.'s Opp. Summ. J., Dkt. No. 89, 4.) Putting aside Mullman's failure to properly place the facts he relies on in support of this argument before the court, "an employee's hope for rehire or for a continuing employment relationship in any capacity does not necessarily justify the exercise of equitable estoppel." *Mull*, 784 F.2d at 292 (internal quotation marks omitted). But even if Mullman's mere hope for retention could justify equitable estoppel, any hope Mullman had for continued employment with Motorola was dispelled on July 31, 2005, when Mullman completed his last day of work at Motorola. Thus, even if this court were to find that Mullman's claim accrued on July 31, 2005, and it does not, *see id.* at 290 (explaining that crucial date for determining limitations period "is that date upon which the employee receives notice of termination and not the date upon which the termination becomes effective"), Mullman's charge of discrimination, filed with the EEOC on June 26, 2006, still would have been thirty days late.

Mullman next contends that the statute of limitations should be tolled because, when he "asked if his inclusion in the reduction of force was because of his age, he was misled by management and continually assured by management and human resources that his termination had nothing to do with his age." (Pl.'s Opp. Summ. J. 5.) Moreover, Mullman argues that he "stated in his deposition" that he "realized that his termination was most definitely related to age" only after he received "the required OWPBA disclosures" in September 2005. (*Id.*) But the facts supporting Mullman's argument are not properly before the court, and Mullman further failed in his brief to direct the court's attention, by citations to the record, to the deposition testimony he purports to rely on. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 740 (7th Cir.

7

2008) (explaining that the court is not required to scour record for evidence supporting party's argument). Even so, "[e]quitable tolling does not postpone the running of the statute of limitations until the plaintiff is *certain* his rights had been violated . . . . Rather, the limitations period begins to run when a reasonable person would believe he *may* have a cause of action." *Thelen*, 64 F.3d at 268 (internal quotation marks and citation omitted) (emphasis in original). The evidence properly before the court establishes that Mullman believed he had been subjected to age discrimination on June 1, 2005, when he told McKinney that he believed he was selected for termination because of his age.

Finally, Mullman, who still is represented by the same counsel that represented him in March 2006, contends that the statute of limitations should be tolled because he believed, based on his counsel's representations, that his charge of discrimination had been filed in March 2006. Specifically, Mullman asserts that he "was essentially abandoned by his attorney because of her own personal crises and [was] misled . . . by counsel's statements." (Pl.'s Opp. Summ. J. 6.) Although it is undisputed that Mullman's failure to timely file his EEOC charge was because of his counsel's negligence, it is well-established in the Seventh Circuit that attorney negligence does not warrant equitable tolling. *See, e.g., Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (concluding that attorney incapacity did not warrant equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (concluding that attorney negligence did not warrant equitable tolling); *Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996) (concluding that attorney error did not warrant equitable tolling); *see also Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003) ("If the lawyer's neglect protected the client from ill consequences, neglect would become all too common.").

Because Mullman has provided no reasonable justification for his failure to file his charge of discrimination with the EEOC within the 300 days specified by section 626(d), Mullman's age discrimination claim is time-barred.

　　B.　　*Intentional Infliction of Emotional Distress*

Under Illinois law, a claim for intentional infliction of emotional distress must be filed within two years of the alleged injury. 735 Ill. Comp. Stat. 5/13-202; *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003). A claim for intentional infliction of emotional distress generally accrues "when facts exist that authorize one party to maintain an action against another." *Id.*

The facts properly before the court establish that, after Mullman was told on June 1, 2005, that he was being terminated, he no longer was criticized and his work load was not increased. Nevertheless, Mullman argues, without citing to supporting evidence, that from June 1, 2005 to July 31, 2005, "he was the victim of daily humiliation, stress and intimidation of the same variety he had experienced for months on end." (Pl.'s Opp. Summ. J. 8.) Specifically, he says, he experienced "anger, frustration and depression" because he was "forced to train his young successor," was required to "prepare strategies for his young replacement," continued to receive "mixed signals" concerning his employment status, and remained "troubled" by his termination. (*Id.*) But the conduct identified by Mullman as the source of his stress after June 1, 2005, neither rises to the level necessary to support a claim for intentional infliction of emotional distress, *see Feltmeier*, 798 N.E.2d at 80-81 (explaining that conduct forming basis of intentional infliction of emotional distress claim must be "so extreme as to go beyond all possible bounds of decency and to be regarded as intolerable in a civilized community"), nor constitutes continuing conduct under the "continuing tort" rule because the conduct identified by Mullman was not

9

unlawful, *see id.* at 85 (explaining that a continuing tort "is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation"). Thus, without assessing whether Motorola's conduct prior to June 1, 2005, could support Mullman's claim, any claim Mullman might have had for intentional infliction of emotional distress accrued by no later than June 1, 2005. Because Mullman's complaint was not filed until June 15, 2007, more than two years after accrual of his claim, Mullman's intentional infliction of emotional distress claim is time-barred.

## Conclusion

The court grants the defendants summary judgment in favor of defendants Motorola, Inc., Dennis Dymon, and Roger Callanan. Because summary judgment is appropriate in the defendants' favor for the reasons stated in this Memorandum Opinion and Order, the court need not and has not addressed any of the further arguments raised by the parties in their briefing. Judgment is ordered entered. This case is terminated in its entirety.

ENTERED:

_____
James F. Holderman
Chief Judge

Dated: April 10, 2008